IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH LOUIS D'ALESSANDRO, III,

    Plaintiff,

v.                                          Case No. 3:18-cv-482-J-32MCR

M. STARLING, et al.,

    Defendants.
_____

**ANSWER, AFFIRMATIVE
DEFENSES, AND DEMAND FOR JURY TRIAL OF
<u>DEFENDANTS KOREY, DAVIS, STARLING, AND CANIDA</u>**

    The Defendants, Brandon Korey, (incorrectly spelled in the Complaint as "Corey"), Joshua Davis, Michael Starling, and Eric Canida, through the undersigned counsel, hereby answer the Complaint filed herein and state:

I.     A.     <u>The Plaintiff</u>

    Defendants admit that Joseph Louis D'Alessandro, III, is the Plaintiff.

    B.     <u>The Defendants</u>

    Defendants Korey, Davis, Starling, and Canida admit that they are named as Defendants being sued in their individual capacities.

II.     <u>Basis for Jurisdiction</u>

      A.     Defendants admit that Plaintiff is bringing this suit pursuant to 42 U.S.C sec 1983.

      B.     Defendants deny the allegations of subsection "B."

      C.     Not applicable.

      D.     Defendants deny the allegations of subsection "D."

III.    Prisoner Status

Defendants admit that the Plaintiff is a convicted and sentenced state prisoner.

IV.    Statement of Claim

      A.     Not applicable.

      B.     Defendants deny the allegations of this subsection "B."

      C.     Defendants deny the allegations of this subsection "C."

      D.     Defendants deny the allegations of this subsection "D."

V.    Injuries

Defendants deny that the Plaintiff sustained any injury as a result of any acts or actions committed by the Defendants.

VI.    Relief

Defendants deny that the Plaintiff is entitled to any relief whatsoever, including but not limited to punitive or compensatory damages or any other form of relief.

    VII.    <u>Exhaustion of Administrative Remedies Administrative Procedures</u>

        A.    Defendants admit that at all time material Plaintiff was confined in a correctional facility but deny this paragraph for any purpose other than to confirm that he was required to pursue administrative remedies.

        B.    Defendants admit the allegations contained in this subsection.

        C.    Defendants deny Plaintiff's response to the questions contained in this subsection.

        D.    Defendants deny the allegations of this subsection.

        E.    Defendants deny the allegations of this subsection.

        F.    Not applicable.

        G.    Defendants admit that there are documents attached but deny that they exhaust the required grievance process.

    VII.    <u>Previous Lawsuits</u>

These defendants are without knowledge of the allegations of this section and all of its subsections, which allegations are therefore denied.

## **<u>AFFIRMATIVE DEFENSES</u>**

    1.    Plaintiff did not suffer a physical injury due to the action or inaction of the Defendants and is therefore not entitled to compensatory or punitive damages under the Prison Litigation Reform Act, 42 U.S.C. §1997e(e).

    2.    Plaintiff has failed to state a cause of action against the Defendants.

3. Plaintiff fails to establish any injury or violation of his constitutional rights by the Defendants.

4. Plaintiff fails to state a claim upon which relief can be granted against the Defendants.

5. Defendants assert that any and all injuries or damages suffered by Plaintiff were caused in whole or in part by Plaintiff's negligence or wrongful acts and/or misconduct. Plaintiff's negligence and/or wrongful acts are a bar to recovery, or in the alternative serve to diminish any right to recovery the Plaintiff may have.

6. Defendants acted reasonably within the discretion of their positions and the course and scope of employment and did not violate any clearly established statutory or constitutional right of the Plaintiff which a reasonable person would have known; therefore, Defendants are entitled to qualified immunity from suit.

7. Plaintiff cannot establish as a subjective matter that the Defendants acted with a sufficiently culpable state of mind as required for liability under 42 U.S.C. § 1983.

8. Plaintiff's claim for damages is barred pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) (PLRA) based on lack of a physical injury as a result of the alleged action by the Defendants.

9. Plaintiff failed to exhaust all administrative remedies regarding all or a portion of his claims.

10. Any injury suffered by the Plaintiff is the result of the actions or negligence of another person or other persons and not the result of any action or negligence by the Defendants.

11. Plaintiff has failed to state a claim for punitive damages because he has not alleged the typed of conduct that would meet the standards set forth by <u>Smith v. Wade</u>, 461 U.S. 30, 56, 103, S.Ct. 1652, 1640, 75 Led.2d 632 (1983).

12. These claims are barred by the applicable statute of limitations as the suit was not filed within the required time limits set by said statute and the statute of limitations was not waived or tolled.

13. Defendants reserve the right to amend and supplement these Affirmative Defenses adding such additional Affirmative Defenses as may appear to be appropriate upon further discovery being conducted in this case.

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury on all issues so triable herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Answer, Affirmative Defenses, and Demand for Jury Trial of Defendants Korey, Davis, Starling, and Canida was electronically filed through the EM/ECF filing system and was furnished by United States Mail to Joseph Louis D'Alessandro, III, DC# B08864, Reception and Medical

Center, Main Unit, Highway 231, Post Office Box 628, Lake Butler, Florida, 32054-0628, on August 20, 2018.

        Respectfully submitted,

        PAMELA JO BONDI
        ATTORNEY GENERAL

        */s/   J. Bruce Bickner*
        J. Bruce Bickner
        Assistant Attorney General
        Florida Bar No. 338656
        Office of the Attorney General
        1300 Riverplace Boulevard, Suite 405
        Jacksonville, Florida  32207
        Telephone: (904) 348-2720
        Facsimile: (850) 488-4872
        Email:  James.Bickner@myfloridalegal.com